**Nestor KRITSUN and Tatyana Kritsun, Petitioners–Appellants,**

v.

**Michael B. MUKASEY,[1] as Attorney General of the United States; Francis Holmes, as District Director of Immigration and Naturalization Service, Buffalo New York; Immigration and Naturalization Service, Respondents–Appellees.**

No. 04–4713–pr.

United States Court of Appeals, Second Circuit.

April 30, 2008.

Anne E. Doebler, Esq., Buffalo, New York, for Petitioners.

Terrance P. Flynn, United States Attorney, Gail Y. Mitchell, Assistant U.S. Attorney for the Western District of New York, Of Counsel, Buffalo, NY, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Nestor Kritsun and Tatyana Kritsun, natives and citizens of Ukraine, seek review of two June 19, 2002 orders of the BIA, which affirmed the November 17, 1997 decision of Immigration Judge ("IJ")

Michael Rocco denying petitioners' application for asylum and withholding of deportation. *In re Tatyana Stepanovna Kritsun*, No. A73 559 872 (B.I.A. June 19, 2002), *In re Nestor Kritsun*, No. A73 559 873 (B.I.A. June 19, 2002), *aff'g* Nos. A73 559 872, A73 559 873 (Immig. Ct. Buffalo, New York, Nov. 17, 1997). We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### Asylum

Upon review of the record, we conclude that any reasonable adjudicator would be compelled to conclude that the Kritsuns established a nexus between the harm suffered and Mr. Kritsun's political opinion. Mr. Kritsun offered evidence to show that his persecutors' "motive to persecute," *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005), arose from his political beliefs: Mr. Kritsun testified that (1) he received anonymous threats warning him to cease his political activity, and (2) when he was attacked by three unknown assailants in June 1994, his attackers warned him to stop his political activities. Ms. Kritsun testified that her husband received anonymous telephone threats approximately once a month, warning him to stop his political activities. Our review of the record reveals no contrary evidence; and in

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

the absence of any adverse credibility finding, we cannot agree with the IJ that the Kritsuns failed to demonstrate the requisite nexus to a protected ground.

"[P]ersecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it." *Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir.2006). The IJ found that any violence against the Kritsuns, while unsanctioned by the Ukranian government, was "incidental to the decline of physical security affecting much of the Ukranian republic." This finding would allow an inference that the government was unable to control those who attacked Mr. Kritsun. In such case, the Kritsuns' claim would survive the finding that the government did not sanction violence against Mr. Kritsun. We are therefore remanding for a finding as to whether the Kritsuns have shown that the government was unable or unwilling to control those who conducted the persecution.

**Withholding of Deportation**

A finding of past persecution creates a rebuttable presumption of a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). We cannot say how the IJ would have ruled on the Kritsuns' application for withholding given that presumption, so remand to the agency would not be futile. *See Gonzales v. Thomas,* 547 U.S. 183, 186–87, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (requiring remand to the agency when a disputed issue "requires determining facts and deciding whether the facts as found fall within a statutory term"); *Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).